# United States Court of Appeals

## For the Eighth Circuit

_____

No. 20-1884

_____

Brenda K. Moeding

*Plaintiff - Appellant*

v.

Andrew Saul, Commissioner of Social Security Administration

*Defendant - Appellee*

_____

Appeal from United States District Court
for the Eastern District of Missouri - St. Louis

_____

Submitted: December 17, 2020
Filed: December 29, 2020
[Unpublished]

_____

Before LOKEN, WOLLMAN, and KOBES, Circuit Judges.

_____

PER CURIAM.

Brenda Moeding appeals the district court's[1] order affirming the denial of disability insurance benefits and supplemental security income.  After careful

_____

[1]The Honorable Stephen N. Limbaugh, Jr., United States District Judge for the Eastern District of Missouri.

consideration of Moeding's arguments for reversal, we agree with the court that substantial evidence in the record as a whole supports the adverse decision. See Swink v. Saul, 931 F.3d 765, 769 (8th Cir. 2019) (de novo review of district court's judgment; Commissioner's decision will be upheld if it is supported by substantial evidence in record as whole). Specifically, we find that the administrative law judge (ALJ) properly evaluated Moeding's subjective complaints, and that substantial evidence supported the ALJ's findings regarding Moeding's residual functional capacity (RFC). See Blackburn v. Colvin, 761 F.3d 853, 859-60 (8th Cir. 2014) (ALJ's determination of claimant's RFC was supported by substantial evidence, as it was based on detailed discussion of claimant's medical history and his daily activities); Turpin v. Colvin, 750 F.3d 989, 994 (8th Cir. 2014) (ALJ properly discredited claimant's testimony based on inconsistencies with medical record, evidence of improvement in her conditions, and her description of her daily activities). We also find that substantial evidence supports the ALJ's conclusion-- based on the vocational expert's (VE) testimony--that Moeding was not disabled. See Martise v. Astrue, 641 F.3d 909, 927 (8th Cir. 2011) (VE's answer to hypothetical question that included claimant's limitations as determined by ALJ constituted substantial evidence supporting denial of benefits).

The judgment is affirmed.

_____